Our first case is 17-4065 Warnick v. Cooley. Mr. Shurtleff, you may proceed. Thank you. Good morning, Your Honor, Chief Judge and members of the panel. My name is Mark Shurtleff and I represent Salt Lake County Constable Sylvan Warnick, who is the appellant in this matter, who filed a Section 1983 complaint for alleged violations of his civil rights by Salt Lake County investigators and prosecutors by bringing identical felony charges against him without probable cause, not once but twice. He appeals that dismissal of his complaint for failure to state a claim because the district court employed an improper and heightened pleading standard. Now, allegations of police misconduct, I don't have to tell you, are a major issue facing this country. Many district judges across the country and circuit judges have said that it's even an United States code in order to give victims of this type of misconduct an opportunity to seek redress in the courts, have access to the courts. And so we're asking, obviously, today that you, as we go forward, assume from the complaint those facts within the four corners, clearly, drawing inferences most favorable to the plaintiff, to Mr. Warnick, and find that he did articulate, we did articulate enough facts pursuant to relate to plausibly support our claims. Can you describe specifically what the allegations were against the prosecutors? And I want to, you know, just to preface my question, I have the pool of the prosecutors, because we're looking at absolute immunity vis-a-vis them, and then the non-prosecutors, investigators, a little different approach. So if you could focus on the prosecutors and tell me how the complaint alleges that they are liable for conduct outside the prosecutorial function, which would entitle them to absolute immunity. Thank you, Your Honor. As a former attorney general and a lifetime prosecutor, I understand and appreciate immunity, and absolute immunity in particular. But let me just say that as you wrote, Your Honor, in Wilkins v. Dureas, where you outlined what those five requirements are in pleading standard in a 1983 case. Number one, the defendant caused the plaintiff's prosecution. Okay, so referring directly, I don't know if you want me to cite to those pages of the appendix, but those allegations right out of the complaint are that Chief Deputy Hall directed an internal district attorney investigation against Constable Warnick, and directing his own investigators who worked for him and for that office to go out and find the evidence to establish probable cause in order to bring cases against him. That the other two prosecutors, Cooley and Rampton, actively engaged in that investigatory function. These are pages eight and nine of the appendix. So this wasn't assigning to Salt Lake County, excuse me, South Salt Lake City where the incident occurred to police to investigate in your typical investigatory and then bring it to the prosecution. This was an office-wide effort, and the allegations are that this was not just your routine investigate, it was go out and find those allegations we can bring against them. And those are alleged- Why isn't that part of the prosecutorial function? Well, it's not in that, as stated by the courts, in that if you were asking them to seek probable cause before you have probable cause, and you're actively involved in that investigation, then the courts have said you do step out of your prosecutorial role. On the other hand, for example, if it were done, listen, I understand that there are in-house investigators in almost every agency out there, but in this particular case where we are alleging what we've alleged a conspiracy in the complaint, we're not going to necessarily address that today, but we're going to be focusing on bringing charges against this constable without probable cause, which was established later by the trial judge, the criminal trial judge, who found no probable cause based on these same allegations and same facts against his wife who was charged at the same time. And then within a few weeks, charges were refiled against him without probable cause again, Your Honor. That's not quite how I read what happened. It wasn't so much lack of probable cause for a crime, it was that the wrong statute was invoked at the first hearing. Isn't that correct? And so then they charged under the second, under the correct statute, and then the court said there was some probable cause. Yeah, that's not exactly how it worked out. So both Constable Warnick and his wife who worked for him in the office were both charged with the same, tampering with the witness and tampering with the evidence for changing this report. When they both went to their trial together, their trial or probable cause hearing? Sorry, probable cause hearing. Thank you. The defendant's attorney, Mr. Warnick's attorney, made a motion to dismiss because they had labeled the felonies, they had miscited the felony statute. The prosecutor asked to amend. Judge says, no, you're here, just go forward. So he did, he did, it was dismissed without prejudice, but then they went forward with the same two witnesses that they used in the second probable cause hearing, Herbal Scheimer. But under a different statute. Same statute, it was, it was, the statute was quoted, they just misstated the citation to that statute. That was all, it was a pen and ink. Could have been changed right there, had the trial judge allowed it to happen. But he did it the first time. He did not for Mr. Warnick the first time. So they went forward with their evidence. Again, it's the exact same evidence, same claims, same facts, same witnesses, where the judge found no probable cause against Mrs. Warnick. They refiled, came back, exact same witnesses. In fact, one of the witnesses that the, in the second, second hearing, the investigator, Sergeant Wilkins, actually said, I don't think he ever told me anything false. I mean, those kind of things. And the judge once again said, to the prosecutors, you have made a mountain out of a molehill. And the whole question through all this, and maybe even in your own minds is, why? Here's a, here's a county constable who has contracts with cities, who is a sworn peace officer, who has his reputation, and to make a mountain out of a molehill in this situation, and really going after, and we believe that we will be able to prove the facts if given that opportunity to access to the courts, that there was a reason for that. And why they came back a second time, even knowing they did not have probable cause? Well, at least the judge had told them he had not. So the question is whether you have a cause of action. The charging function by the prosecutor is protected by absolute immunity, is it not? If he has probable cause. No. I don't recall reading that qualification to absolute immunity for the prosecutorial decision, the decision to prosecute. If I may just quote from Buckley and try to answer your question, Your Honor. Page 274 of Buckley, a prosecutor neither is nor should consider himself to be an advocate before he has probable cause to have anyone arrested. Buckley also held statements to the press, and we haven't addressed that, but that's one of the other allegations where they stepped outside their prosecutorial function. But in this case, to direct that investigation, and then knowing a judge has said no probable cause, that you still, at that point, they made a decision, prosecutorial decision, to charge, but knowing it was without probable cause, and therefore, it is our argument that what Buckley said, as I understand it, is prosecutors can do things that aren't protected by absolute immunity if the prosecutor is not exercising the prosecutorial function. And you have allegations here of improper investigation, and as you mentioned, improper disclosures to the press. So how did either of those violate your client's constitutional rights? What was unconstitutional about the investigation here? What do you say in your complaint? For example, did they commit an unlawful search? With respect to speaking to the press, I don't think you have any specific allegations in the complaint about what was said publicly. Well, Your Honor, we would argue that fabricating evidence and instructing investigators to fabricate evidence in order to find probable cause, try and find probable cause, is sufficient What is the allegation of fabrication of evidence in the complaint? What's specifically alleged to have been the fabrication of evidence? That the investigators and the prosecutors conspired with this former employee, Mr. Erbelsheimer, to fabricate evidence of a changing or manipulation of a report of an incident that happened in a justice court. Because, and you went back and forth, as you read in both preliminary hearings, statements and witnesses' testimony, this was a back-and-forth thing. And even Erbelsheimer ultimately said, I really was never told to buy... Is that from the complaint, or is that... Yes. Oh, I'm sorry. If you're referring back to the hearing, we can't look at that, can we? Yes, we can. And we argued in our briefing papers that since those were referred to in the complaint, the case law said that they can be then admissible for the court to look at what happened during those hearings. And in fact, the NAPALE that Salt Lake County, in their opposition and their motions to dismiss, conceded that. In fact, they even attached in their own, I think, briefing papers copies of the hearings. Did the district court rely on those? Yes, I believe the court did. So, if I may proceed, just one more... Just to follow up, what was the fabricated evidence then? And where will I find the statement in the record that... Yeah, I want to go back to that. I pulled it out just for your honors. These are in pages 8, 9 through 12 of the appellant's appendix from the amended complaint itself, beginning with paragraph 26, 27, 29, 35, and 36. And what was the false information that prosecutors encouraged Herbelsheimer to give them? Well, there were two things. Get us that tape, for example, go and tape a training session for us, surreptitiously. And during that, whether he was... There was a little, if you saw this... I'm sorry, I interrupted. Sorry, did you have a... I was apologizing for interrupting. No, go ahead. Using a metaphor, if you will, with secret words or whatever, that then they could use against him to say, he wasn't talking about this example in the training session, he was specifically talking about report writing. Two things, leaving things out of a report, taking things out of a report of an incident, or actually fabricating information and putting it in that report. Those are the allegations. However slim they might be, we argue that, and however better they could be articulated, and we would love that opportunity to better, more deeply articulate those, but just what has been alleged in those paragraphs, Your Honor, that I cited to you, that there was sufficient within those four corners to make a reasonable inference that it's plausible, in fact, and inferring also from the argument that, why do you come back and are so aggressively going against this constable for felony charges with such weak evidence? One, with two, having had a judge already rule there's no probable cause under the fact situation that you've just been described. Unless there's other questions, I'd like to stop there and then maybe address the dismissal with without prejudice later. All right, counsel. Thank you. May it please the court. My name is Jennifer Bailey, and I represent defendants Jeff Hall, Brad Cooley, Ethan Rampton, Robin Wilkins, and Mark Knighton. Mr. Warnick urges this court to reverse the district court's dismissal of his amended complaint and to remand this matter so that he may further amend his complaint and assert claims relating to the filing of the criminal charges against him. Mr. Warnick, however, has given this court no compelling reason to do so. In his appeal, there are three questions. First, whether the district court correctly determined absolute immunity as the county prosecutors. Second, whether the district court correctly determined that Mr. Warnick failed to sufficiently plead claims as analyzed under the Iqbal and Twombly standards for section 1983, 1985, as well as under state law. And third, whether the district court appropriately exercised its discretion when it denied Mr. Warnick his request for leave to further amend his complaint and have a third bite at the Why isn't the complaint adequate to plausibly allege that the group, the investigators, and the prosecutors conspired to create some evidence that fabricate Herbal Shimer's report, those sorts of things, to set the basis for prosecution? As the district court noted, the complaint is very threadbare. It is conclusory and has very few factual allegations. Under Twombly, a complaint has to set forth enough facts to state a claim for a claim to be plausible on his face. In looking at the complaint- Can we look at the probable cause hearing, as Mr. Shurtleff suggested? No. We are limited to the facts of the complaint and the assertions there. I thought that he said the district court judge looked at the additional hearing materials as part of the motion to dismiss. Is that what happened below? I think with respect to some of the defenses that were raised, it was looked at. However, as far as whether the complaint itself stated a claim, the transcripts from the preliminary hearing cannot be included. If the court did, in fact, review the proceedings or the transcript of the proceedings, why didn't that automatically convert this proceeding into a motion for summary judgment for procedural purposes? Well, if they did not rely on the content of those- It doesn't matter if they relied on them. He considered them. Well, I think you can look at them and then the court, and it's just- I see. So the- Rely on them- The rule is not that if you consider matters outside the pleadings, that you should convert the proceedings under the rule to a motion, consider it as a motion for summary judgment. But instead, it's whether he relied on it for purposes of his decision. Is that what you're saying the rule is? Or how would you state what the rule is? Where the line is on a motion to dismiss versus a motion for summary judgment? As far as looking at it, for a purpose of a motion to dismiss, the district court is required to look at the complaint- Solely. What's in the four corners of the complaint. Solely. If there are some circumstances where other documents could be included in there. If it is referred to in the complaint and attached thereof and central to those claims, I know jurisdictions have found that they can be relied on as part of the complaint. This isn't something where we have a breach of contract claim. We're describing a contract that was entered into between X and Y on such and such date for such and such purposes. Was the transcript referred to in the complaint? The transcript was not referred to in the complaint. Was it incorporated by reference? Say that again? Was it incorporated by reference or- No, it was not. It was never included or attached to the complaint or to the amended complaint we have on file. Did the district court- Was it presented to the district court at the hearing for dismissal of the complaint? At the hearing itself, it was presented by the time we had the hearing on the motions to dismiss. And as a point of clarification, there were the two transcripts that were presented. One of them was the transcript where at the first original- Presented by whom? Presented by whom? Both parties presented transcripts. They were not identical, but we both presented transcripts. One of the transcripts- You mean there wasn't an official transcript? I believe my office had an official transcript. One of them is different. I'm not sure who prepared them. But as far as the first preliminary hearing transcript, that was for the date where Mr. Warnock was originally- It was his probable cause for the preliminary hearing that was set. And as your honor pointed out, at that time, the case against Mr. Warnock was dismissed prior to presentation of any evidence. The court, after Mr. Warnock's hearing, or the time for the preliminary hearing, and the dismissal, they did go on to hear evidence in the Ilana Warnock matter. However, that is not something that can be relied on in this matter. It's from a different matter, and it's not central to these claims. So any reliance on that is improper. As far as looking at a transcript for what happened with respect to the claims against Mr. Warnock and its dismissal, based on the wrong statute and then the request to dismiss the case so that it could be refiled, that's the extent that that transcript was submitted. And many of the statements indicated as well about making a mountain out of a molehill, those are coming from the Ilana Warnock preliminary hearing, which is not before the court. It's not in the amended complaint, and it frankly has nothing to do with what we're here for today. Well, why didn't he sufficiently allege that the prosecutors had stepped out of the in, you know, and really, as Buckley suggests, stepped into an investigatory role, and all this conduct occurred before the charging decision was made? Wouldn't that be susceptible to not absolute immunity, but qualified immunity? And as far as the conclusions, I think the district court got it right in that regard. They looked at it, they determined that the decision to file charges with or without probable cause was protected by absolute immunity. They went on and said, and departed from what the magistrate had found, and said that with respect to the allegations as to investigatory activities, they couldn't quite reach that conclusion. It was still unknown, although the allegations of investigatory conduct by all of the prosecutors, all of the county defendants, rather, were somewhat threadbare. They went on to find that regardless of that, if Mr. Warnock had failed to state a claim, he'd failed to identify a deprivation of any constitutional right. And on that grounds, the district court dismissed. So they didn't even, they didn't go in and reach a conclusion as to the investigatory activities and whether those were or were not protected by absolute immunity. And it's my understanding in some cases it can be, but it depends on what that conduct is. One issue throughout this, these briefings is that these issues have not even been adequately presented for review. Mr. Warnock has failed to demonstrate, he's failed to explain why the district court erred. Rather than looking at the district court's decision, he's gone on and stated that he was wrong. He hasn't identified the reasoning. He hasn't identified what the court did wrong as far as what law they incorrectly applied or incorrectly used. And that is fatal to all of the issues that are now here. Why shouldn't we just remand this and give him a shot at an amended complaint that corrects some of these deficiencies if it's close to the Iqbal line? We're not quite sure why don't we just remand for an amended complaint? Mr. Warnock, this is Mr. Warnock's first amended complaint that we're here for today. His first one was initially, his first one was filed. The county defendants as well as Daniel Herbold-Chimer filed motions to dismiss. After seeking an extension to file responsive pleadings to the motions to dismiss, Mr. Warnock filed an amended complaint. It was not within the 20, it was not without, as a matter of course, and it was not with the agreement of counsel or with permission from the court. After moving to strike, that was eventually, the court let that complaint stand. That's what we have before us for purposes of this appeal. Correct. And then the district court, in looking at this issue of whether or not he should be granted leave to amend, they first found that he did not follow Rule 15. Rule 15 requires that a motion for leave to amend be filed. The local rule also requires that a proposed amended pleading be attached. Neither of those things happened. Rather, this was an afterthought included in the pleadings and, well, in the responsive pleadings to the motion to dismiss, and that is not sufficient. So that was the primary ground that the district court gave for not allowing leave to amend the complaint. They went on further and found that given that it had been, the length of time, which was, I believe, over three years at that time, and the fact that he had not moved to amend a complaint, they believed that, it indicated that his claims, he would not be able, he did not have a claim he could state. Only in a footnote did the court address futility. And they found that even if these other allegations that were being put into the motion, the opposition to the motion to dismiss, as well as the objection, or the response to the objection to the magistrate's recommendation, and this included the newspaper clippings that were then cited, as well as the transcripts and affidavit, other factual allegations that were later raised that were not in the original pleading, they found that there was still not enough to show that there was a claim. And specifically, to show that there was any deprivation of rights. You're confusing me. I thought you said that the court did not allow the filing of the first amended complaint. It was not with leave of court. They did not file. I understand, but was it ultimately filed? The court allowed it to stay. So it did allow it to stay. Correct. Correct. He had filed it, I believe, June 20th. June 20th of 2014, he filed an amended complaint. And then in April of 2015, after reviewing motions to the strike, as well as the original motion to dismiss, but they didn't get to the motion to dismiss, they let it stand. Okay. And your answer to Judge Dimkovic's question was what? I think the question was, why shouldn't we allow a remand to allow an amended complaint to proceed under Twombly? Mr. Warnick has been represented by counsel the entire time. He has already been granted one amended complaint. That amended complaint was filed after motions to dismiss were filed, which pointed out the alleged deficiencies that we believe are in the complaint. And despite all of that, he's continuing to... And then looking at the issues and the decision of the district court, where they've looked at whether he can state a claim under 1983, under 1985. There are not sufficient facts that have been alleged. And there's been nothing that's been provided that indicates that a claim can be stated. He, Mr. Warnick, you know, not only hasn't filed or provided a proposed amended complaint, he hasn't given any reason or demonstrated how he can bring a claim that is sufficient under ICVAL and Twombly. Has he submitted a proposed second amended complaint? He has never submitted a proposed second amended complaint. His motion for leave, I believe, was... It wasn't an official motion. It was included in his... I believe it was first included in his response to the... In his objection to the magistrate's report and recommendation. But Mr. Warnick has failed to state a claim or identify any issue with the district court's decision. He has not demonstrated what the district court did wrong. And if you have... Do you have any further questions? It's time. Thank you, counsel. I think you've ceded your time and Mr. Shurtleff has some rebuttal. Thank you. If I may start your time with... Your Honor, no, absolutely. Please. I'm trying to figure out what the constitutional violation was with respect to investigation. I'm going to assume that there's absolute immunity with respect to the charging decision. Right. Although I know you disagree. The problem, as I understood you to be saying earlier, is that the defendants falsified information. So what did... I'm not going to pronounce his name correctly. Herboldheimer. How did you guess which one? Because it took me a long time to be able to pronounce it myself. What did he say that was false? It seems to me it was more a matter of what's appropriate to put in the report. And there were disagreements and some could say that what your client was asking Herboldheimer to do was totally appropriate. Yeah. But what was false about what Herboldheimer said, as opposed to why was he wrong to think this was a violation of law? But during the investigatory stage, Herboldheimer said that he was ordered and instructed by his boss to omit and to change certain things that he put in his original report. Later during the preliminary hearing, he backtracked on that and said, no, that really didn't happen. And so that, again, I understand that's threadbare. And I understand your concern about the allegation perhaps against the investigators or the prosecutors as part of the investigatory function. If I may just read, this is actually from the district court's order, page 230 of Pellett's appendix, where she says, though the allegation is threadbare, the complaint as a whole states enough facts to suggest that Hall, Cooley, and Rampton, the prosecutors, were searching for clues and corroboration that might give them probable cause to initiate a prosecution against plaintiffs citing Buckley. Such searching, this is the judge, cannot be construed as advocacy and is therefore not entitled to absolute immunity. Right, right. But that's the first step. The second step is, how did that violate any constitutional rights? It's constitutional for investigators to investigate, to try to establish probable cause. That's done every day. What did they do that was unconstitutional? Our position and what was in the complaint, which can be done better, is that they went out in a search and rather than performing the prosecutorial function of allowing an independent investigation to go forward, and however it may lead, going and instructing and working with directly their investigators to try and establish probable cause, which they weren't able to do. And that's why we're here. If I could just, again, refocus on maybe perhaps just the second time he was charged, that was clearly without probable cause. And just to quote Nylander, which was misquote-affected by Judge Parrish, to establish malicious prosecution, plaintiff must prove that the defendant initiated or continued the proceeding without probable cause. Not with or without, it's without probable cause. I have a question. With the benefit of the enlightenment of an appeal, you know, you've been there, done that now, how do you propose to amend your complaint if we afford you leave to do so on remand? With all respect to the attorney who filed this initially and the amended complaint, which really was just, mostly just added a name to it, really didn't change substantively, to now have the knowledge that I have and have discovered through all these discussions is that we will provide more specific evidence that of both the investigation, what was unconstitutional in the investigation, both by investigators and prosecutors, as well as flesh out even more deeply the two trials. And we would, if I could just quickly address, I know I'm out of time, Your Honor, I apologize. Well, I just had to follow up. Okay, sure. Did you make reference to the transcript of the proceeding, probable cause proceedings? Yes. As did, as the plaintiff admitted, excuse me, as the county admitted, they attached it to their motion to dismiss. Both, well, they were parts of those, but they referred to and attached copies of those two hearings to their motion to dismiss of 12B-6. I see. So the introduction of that transcript was through the prosecution? It was initiated by the prosecution. Thank you. And then before we're done, could you just explain to me your view on what the defamatory statements were for that claim? Yeah, Your Honor, this is, as I say, a sworn officer of the law, constable who has contracts with cities, to then hold a press conference and to actually charge him twice with felony crimes going directly to honesty, integrity, the process of report writing, tampering with witnesses, absolutely destroy almost any career. But a police officer, a constable? What were the defamatory statements? That this peace officer fabricated evidence, that he tampered with evidence when they did not have probable cause to establish that he had just had done that. And that was proven out by a court judge. Obviously, often we don't have a district court trial judge in a criminal case finding no probable cause and then initiating in 1983. But then you have two times he did the same thing. From the news conference in the complaint? Yes. I believe they were. If I misspoke, I apologize, because you can go back and look at it. I'm out of time. But what defamatory statements were made and where am I going to find them in the complaint? I can't cite that to you, Your Honor. I apologize. And I know I'm out of time, but I hope to have the opportunity to address 15A because she, counsel brought it up. I think we're over the time. And I think we understand the argument and we appreciate your time. So counsel will be excused. Thank you. And the case shall be submitted. Thank you.